# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:15-cv-00101-FDW-DCK

| | |
|---|---|
| REGINALD ALLEN JACKSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRICK TRIPP, Warden; )<br>UNITED STATES CORPORATION )<br>COMPANY; SUPERIOR COURT )<br>OF THE DISTRICT OF COLUMBIA; )<br>UNITED STATES PAROLE )<br>COMMISSION; )<br>SF273-PERFORMANCE )<br>BOND; SF-274-PERFORMANCE )<br>BOND; SF-275-BID BOND, )<br>)<br>Defendants. )<br>) | ORDER |

**THIS MATTER** is before the Court on consideration of Plaintiff's *pro se* complaint and his motion to proceed *in forma pauperis*. See 28 U.S.C. § 1915A(b).

Plaintiff is a federal inmate confined to the Rivers Correctional Institution in Winton, North Carolina, which is located in Hertford County. In his complaint, Plaintiff alleges that the Defendants are wrongfully detaining him and the bonds identified below. Specifically, Plaintiff alleges that he "is the lawful owner and the 'Holder In Due Course' of Defendants REGINALD ALLEN JACKSON SF273-PERFORMANCE BOND, SF274-PAYMENT BOND and SF275-BID BOND and Plaintiff has right, title, or interest in all tangible and intangible assets with DEFENDANT ALLEN JACKSON." (3:15-cv-00101, Doc. No. 1 at 8). Plaintiff maintains that he and all other named Defendants are located in Hertford County, North Carolina. (Id. at 7 ¶ 2).

What Plaintiff appears to contend is that he is being wrongfully detained, however as he is

presently incarcerated, and assuming Plaintiff endeavors to recover these "Bonds" as remuneration, these claims must fail. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (prohibiting claim for monetary damages unless the conviction has been set aside). In as much as Plaintiff is incarcerated, the claims will be dismissed.

Furthermore, Plaintiff alleges that all of the Defendants are located in Hertford County, which is within the Eastern District of North Carolina (Northern Division), therefore Plaintiff has filed his case in the wrong district. Under 28 U.S.C. 1406(a), a district court may dismiss a case that is filed in the wrong district or division or may transfer the case "if it be in the interests of justice." The Court finds that transfer is inappropriate as Plaintiff is clearly contending that he is being wrongfully detained and his plea for those "Bonds" is plainly frivolous and fails to state a claim for relief. For example, Plaintiff attaches a UCC Financing Statement to his complaint that is filed with the Hertford County Register of Deeds which purports to show that Defendants Tripp, United States Parole Commission, and the Superior Court of the District of Columbia are each indebted to him for $288,000,000. (3:15-cv-00101, Doc. No. 1 at 20-23).

Based on the foregoing, this civil action will be dismissed. 28 U.S.C. § 1915A(b)(1), (b)(2).

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Plaintiff's motion to proceed *in forma pauperis* is **GRANTED.** (Doc. No. 2).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: March 25, 2015

Frank D. Whitney
Chief United States District Judge

2